**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**

**UNITED STATES OF AMERICA**

**vs.**                                     **No. 4:13-CR-00165**

**PATRICIA A. HILL**

**ORDER**

On June 11, 2013, this Court accepted a guilty plea to an information from defendant Patricia A. Hill. On the record in this matter, when conditions of release were addressed, the Court and counsel at the request of Ms. Hill engaged in a discussion regarding firearms in Ms. Hill's residence. Upon further research and reflection, the Court cannot sanction prospectively the proposal that Ms. Hill's husband's firearms used for hunting remain in the home he shares with Ms. Hill but be kept in a locked safe to which only Mr. Hill has the key.

In *United States v. Vanover*, 630 F.3d 1108 (8th Cir. 2011), the Eighth Circuit examined whether there was sufficient evidence to support the defendant's felon in possession of a firearm conviction. The court explained that, to convict the defendant under 18 U.S.C. § 922(g)(1), the government was required to prove: (1) that the defendant had previously been convicted of a crime punishable by a term of imprisonment exceeding one year; (2) that the defendant knowingly possessed a firearm; and (3) the firearm was in or affected interstate commerce. *Id.* at 1117 (citing *United States v. Claybourne*, 415 F.3d 790, 795 (8th Cir. 2005)).

The defendant challenged the second element of the government's proof. In denying the defendant's motion for judgment of acquittal, the district court observed "[t]he case is a little thin on the knowledge" element but held a reasonable jury could find the defendant knowingly possessed the firearm underneath his mattress. The Eighth Circuit concluded that the district court did not err. *Id.* The Eighth Circuit reasoned that it was not fatal that, as the defendant

stressed, there was no direct evidence he possessed the firearm because proof of joint constructive possession is sufficient to sustain a conviction under § 922(g)(1). *Id.* at 1117-18. "Constructive possession . . . is established if the person has dominion over the premises where the firearm is located, or control, ownership, or dominion over the firearm itself." *Claybourne*, 415 F.3d at 795-96.

Based on the current state of the law, and given that Ms. Hill is now convicted of a felony, the Court cannot sanction prospectively Ms. Hill's proposal.

SO ORDERED this 12th day of June, 2013.

_____
Kristine G. Baker
United States District Judge